IRVING, P.J.,
for the Court:
¶ 1. Lee B. Lewis, Oda Mae Green, and Sonya Stephens, on behalf of the wrongful death beneficiaries of Margaret E. Stephens (the Plaintiffs), filed a complaint in the Hinds County Circuit Court against the City of Jackson, Mississippi (the City), and Officer Gregory Jackson for damages resulting from an automobile collision between LaMarcus Butler and the Plaintiffs. After a bench trial, the circuit court entered its final judgment for the Plaintiffs and assessed 100% liability against the City. The City appeals and argues that there is no substantial ■ and credible evidence that Officer Jackson acted in reckless disregard for the safety and well being of persons not engaged in criminal conduct. Finding no reckless disregard on the part of Officer Jackson, and that the City is protected by governmental immunity, we reverse and render.
*716 FACTS
¶ 2. On August 21, 2001, at approximately 10:30 p.m., Officer Jackson was traveling east on Monument Street in Jackson, Mississippi, en route to a roadblock set up at the intersection of Monument and Palmyra Streets. Officer Jackson observed a vehicle that was traveling east on Monument turn off its lights, make a u-turn, proceed west on Monument, and ultimately turn on Capers Avenue. Unbeknownst to Officer Jackson, Butler, the driver, had stolen the vehicle. When Officer Jackson observed the vehicle make a right onto Capers, he turned on his blue lights and siren and followed the vehicle down Capers. According to Officer Jackson, Butler seemed to slow down to about five to ten miles per hour for a moment on Capers, as if he were going to stop. However, Butler did not stop, turning instead onto Green Avenue and then onto Capitol and Longino Streets while being followed by Officer Jackson. The two cars continued west on Longino, which becomes Maple Street after Longino’s intersection with Fortification Street.
¶ 3. Officer Jackson testified that while on Maple Street, between the intersections of Fortification/Longino and Maple/Martin Luther King Jr. Drive, Butler “punched it.” Officer Jackson radioed Sergeant Jonathan Crawford, his supervisor, and informed him of his whereabouts and that he was pursuing Butler for violating a traffic ordinance. At that time, Sergeant Crawford told Officer Jackson to terminate the pursuit. Officer Jackson stated that he turned off his blue lights and siren and slowed down, but continued on Maple. Officer Jackson stated that the last time he saw Butler was when Butler’s taillights passed through the Maple/Martin Luther King intersection. He further testified that as he continued on Maple, he saw smoke and debris in the air and notified dispatch that there was possibly an accident. When Officer Jackson arrived at the intersection of Maple and Bailey Avenue, he notified dispatch that indeed an accident had occurred and that an ambulance was needed. Butler’s vehicle had collided with the Plaintiffs’ vehicle after Butler ran through the traffic light.
¶ 4. Additional facts, as necessary, will be related in the discussion and analysis of the issue.
DISCUSSION AND ANALYSIS OF THE ISSUE
¶ 5. An appellate court will not disturb a' circuit court’s findings following a bench trial when those findings are supported by substantial, credible, and reasonable evidence. City of Jackson v. Law, 65 So.3d 821, 826 (¶ 15) (Miss.2011).
¶ 6. The Mississippi Tort Claims Act (MTCA) “cloaks governmental entities ... with immunity based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the governmental entity or employee thereof[.]” Miss. Dep’t of Mental Health v. Hall, 936 So.2d 917, 924 (¶ 17) (Miss.2006) (quoting Miss.Code Ann. § ll-46-9(l)(d) (Rev.2002)) (internal quotation marks omitted). A governmental entity and its employees acting in the course and scope of their employment are entitled to this immunity “unless the employee acted in reckless disregard for the safety and well-being of any person not engaged in criminal activity at the time of the injury[.]” Miss.Code. Ann. § 11-46-9(l)(c) (Rev.2012). The Mississippi Supreme Court has stated that reckless disregard is “usually accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.” City of Jackson v. Presley, 40 So.3d 520, 523 (¶ 13) (Miss.2010) (quoting Maldonado v. Kelly, 768 *717 So.2d 906, 910 (¶ 8) (Miss.2000)) (internal quotation marks omitted).
¶ 7. In determining whether a police officer acted with reckless disregard during a pursuit, the supreme court has mandated that courts consider ten factors. Those factors are: (1) the length of the pursuit, (2) the type of neighborhood in which the pursuit took place, (3) the characteristics of the streets on which the pursuit took place, (4) the presence of vehicular or pedestrian traffic, (5) the weather conditions and visibility, (6) the seriousness of the offense for which police are pursuing the suspect, (7) whether the officer proceeded with sirens and lights, (8) whether the officer had available alternatives that would lead to the apprehension of the suspect besides pursuit, (9) the existence of a police policy that prohibits pursuit under certain circumstances, and (10) the officer’s rate of speed in comparison to the posted speed limit. City of Jackson v. Gray, 72 So.3d 491, 496-97 (¶ 17) (Miss. 2011).
¶ 8. In Presley, the supreme court determined that an officer did not act in reckless disregard when her view was obstructed by a large truck while she was crossing a “high-risk” intersection responding to a call, causing her to strike Presley’s vehicle. Id. at 521 (¶¶ 4-5). The supreme court noted that the officer “exercised some measure of safety precaution by employing her blue lights and siren, activating her buzzer to alert traffic while she was crossing the lanes, and crossing one lane at a time. Such actions hardly can be characterized as reckless and indifferent to the safety of others.” Id. at 524 (¶ 17).
¶ 9. The Jackson Police Department’s (JPD) General Order 600-20 provides:
Pursuits may be initiated when the officer knows that a felony has been committed and the officer has probable cause to believe that the individual committed the felony and the suspect’s escape is more dangerous to the community than the risks posed by the pursuit and the suspect clearly exhibits an intent to avoid arrest by using a vehicle to flee.
Officer Jackson undoubtedly violated JPD’s General Order by failing to weigh the seriousness of Butler’s offense against the risk of harm to the public. He was only aware of Butler committing a misdemeanor traffic violation at the time of the pursuit, not a felony. However, the violation of a police policy is not dispositive of reckless disregard. See id. at 524 (¶ 16). As stated, there are ten factors that must be examined to determine whether an officer has acted in reckless disregard of the public’s safety during a pursuit. We now turn to an examination of the other nine factors.
¶ 10. The record indicates that from the point where Officer Jackson began following Butler to the site of the collision is 1.8 miles. However, for approximately 1.2 miles of this distance, neither Butler nor Officer Jackson exceeded the posted speed limit, although they ran three traffic lights and two stop signs. From the point where Longino becomes Maple to the point of the collision is approximately six tenths of a mile. The record also reflects that the travel time from when Officer Jackson began following Butler to when he arrived at the site of the collision was less than four minutes. At the point where Longino becomes Maple, “Butler punched it,” although, according to Officer Jackson, Officer Jackson never exceeded sixty miles per hour. However, it was his opinion that Butler did so. He testified that the last time he saw Butler’s taillights was when Butler’s vehicle passed though the intersection of Maple and Martin Luther King Drive, and it was his opinion that at that *718 time, Butler was probably traveling at least sixty miles per hour. After Officer Jackson passed through that intersection, his supervisor instructed him to terminate the pursuit, and he complied, turning off his blue lights and siren although he continued on Maple Street. However, he testified that he was not following Butler, as he did not know where Butler’s vehicle was at that time. He estimated his speed to be forty miles per hour when he passed through the intersection of Maple and Martin Luther King Drive.
¶ 11. The neighborhood in which the pursuit took place is residential in nature, and the streets consist of only two lanes. Officer Jackson testified that there were two public parks, a Boys and Girls Club, two schools, a laundromat, and a convenience store in that area, but there is no evidence in the record that people were present at any of these locations at that time of night. There is nothing in the record that evidences the presence of pedestrian or vehicular traffic that night other than the assumptions made by Plaintiffs’ expert, Dennis Waller, a former law enforcement officer with more than thirty years of experience. Waller testified that it can be assumed that in an area where a checkpoint is set up, there would be heavy vehicular and pedestrian traffic. There is no evidence as to the weather conditions and visibility on the night of the pursuit.
¶ 12. The factor examining the seriousness of the offense for which police are pursuing the suspect does not weigh in the City’s favor, as violating a traffic ordinance is hardly serious enough to trigger the initiation of a pursuit. However, Officer Jackson proceeded with his siren and lights activated until Sergeant Crawford told him to terminate the pursuit. Officer Jackson stated that he maintained speeds either under or right at the posted speed limits. Also, it is unlikely that there were any available alternatives that would have led to Butler’s apprehension, as Officer Jackson did not know Butler’s identity at the time of the pursuit, which would have helped him locate Butler later. See Law, 65 So.3d at 829-30 (¶ 33).
¶ 13. In City of Jackson v. Thornton, 94 So.3d 1186, 1194 (¶ 33) (Miss.Ct.App.2011), this Court considered the “totality of the circumstances in conjunction with the ... analysis of the applicable ten factors” and concluded that JPD officers acted with reckless disregard. As in' the present case, the officers’ actions in Thornton violated the general order. However, other factors contributed to the finding of reckless disregard. The pursuit in Thornton took place over five miles at 8:30 a.m. on a school day, with the officers “speeding through heavily trafficked neighborhoods, with cars, pedestrians, and school children located on and around the streets.” Id, The officers in Thornton were traveling at speeds of fifty-five to eighty miles per hour in a forty-mile-per-hour speed zone. Id. at (¶ 32). The circumstances in the present case are not nearly as egregious as those in Thornton.
¶ 14. The circuit court found that Officer Jackson pursued Butler for 1.8 miles at a speed well above the speed limit and. that both vehicles exceeded 60 miles per hour at some point during the pursuit. This finding is not supported by substantial, credible, and reasonable evidence. The record is devoid of any evidence that Officer Jackson was speeding for the entire 1.8 miles, much less exceeding sixty miles per hour. No doubt, the circuit court relied on Waller’s testimony. However, Waller himself admitted that some of his opinions were based largely on assumptions, and from our review of the record, it appears that Waller’s testimony that Officer Jackson pursued Butler for 1.8 miles at a speed well above the speed limit was simply a *719 misunderstanding of the facts. Further, his opinion that both vehicles exceeded sixty miles per hour at one point, and that even after turning his lights off, Officer Jackson continued to pursue Butler is just not undergirded by the evidence. Rule 702 of the Mississippi Rules of Evidence states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine the fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
There is nothing in the record and no scientific basis on which Waller could have based his opinion that indicated that Officer Jackson continued to pursue Butler after he had been ordered to terminate the pursuit, or that the actual pursuit took place for 1.8 miles. Assumptions hardly satisfy Rule 702’s requirement of reliable principles and methods.
¶ 15. Based on the totality of the circumstances, we cannot find that Officer Jackson acted in reckless disregard for the safety of the public. “Reckless disregard occurs when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved.” Law, 65 So.3d at 826 (¶ 17) (Miss.2011) (quoting Miss. Dep’t of Public Safety v. Durn, 861 So.2d 990, 995 (¶ 13) (Miss.2003)) (internal quotation marks omitted). The record does not show an unreasonable risk involved that night, despite the neighborhood consisting of parks, schools, and various other places where people are likely to gather. There is also no indication in the record that Officer Jackson was speeding or that there was a danger of harming someone. Therefore, it follows that there was no deliberate disregard on Officer Jackson’s, part. As such, the circuit court erred in finding that Officer Jackson acted in reckless disregard and that the City was not immune from liability under the MTCA.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. CARLTON AND JAMES, JJ„ DISSENT WITHOUT SEPARATE WRITTEN OPINION.